United States District Court
Southern District of Texas
**ENTERED**
June 29, 2016
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| GIOVANI ALVARO PEREZ-AGUILAR, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 1:16-67 |
| | § | Criminal No. 1:14-541-1 |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On April 7, 2016, Petitioner Giovani Alvaro Perez-Aguilar ("Perez-Aguilar") filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS. After reviewing the record and relevant case law, the Court **RECOMMENDS** Perez-Aguilar's motion be **DENIED** because his petition is factually and legally meritless on its face.

## I. Procedural and Factual Background

On July 15, 2014, a federal grand jury – sitting in Brownsville, Texas, – indicted Perez-Aguilar for illegally re-entering the United States after having been previously deported, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(1). U.S. v. Giovani Alvaro Perez-Aguilar, Criminal No. 1:14-541-1, Dkt. No. 7 (hereinafter "CR").

### A. Rearraignment

On August 27, 2014, Perez-Aguilar appeared before the Magistrate Judge and pled guilty – without a written plea agreement – to illegally re-entering the United States. CR Dkt. No. 40.

During the plea colloquy, Perez-Aguilar stated that he understood the proceedings; had never needed treatment for any kind of mental illness; was not under the influence of any medications or drugs; had discussed the charges with his attorney; was able to assist in his

own defense; and was satisfied with his attorney's representation. CR Dkt. No. 40, pp. 10; 16-17; 24.  Perez-Aguilar stated that he had been informed of the possible sentences that he faced; and the impact of the sentencing guidelines in his case. Id., p. 37.  Perez-Aguilar further stated that he understood his constitutional right to remain silent; his constitutional right to the assistance of counsel; and his constitutional right to a trial by jury. Id., pp. 13-14. Perez-Aguilar also stated that he understood his constitutional right to a presumption of innocence that the government must overcome by proving guilt beyond a reasonable doubt; his constitutional right to cross-examine opposing witnesses and subpoena witnesses on his behalf. Id.  Having stated that he understood all of his rights, Perez-Aguilar plead guilty to the charge of illegally re-entering the United States. Id., pp. 16-17.

On that same date – August 27, 2014 – the Magistrate Judge issued a report and recommendation, which recommended that the District Judge accept Perez-Aguilar's guilty plea.  CR Dkt. No. 14.

### B. Sentencing

In the final presentence report ("PSR"), Perez-Aguilar was assessed a base offense level of eight for unlawfully entering the United States. CR Dkt. No. 17, p. 5.  Perez-Aguilar was also assessed an additional sixteen-level enhancement, because – in 2007 – he had been convicted of the felony of smuggling undocumented aliens. Id.; See U.S.S.G. § 2L1.2(b)(1)(A)(vii).  Perez-Aguilar received a three-level reduction for acceptance of responsibility. Id., p. 6.  Thus, Perez-Aguilar was assessed a total offense level of 21.

Regarding his criminal history, Perez-Aguilar had 5 adult criminal convictions and was assessed 9 criminal history points. CR Dkt. No. 17, pp. 6-9.  This resulted in a criminal history category of IV. Id.  Based on Perez-Aguilar's offense level of 21 and criminal history category IV, the presentence report identified a guideline sentencing range of 57 to 71 months of imprisonment. Id., p. 14.

On December 10, 2014, the District Court adopted the Magistrate Judge's report and recommendation, accepting Perez-Aguilar's guilty plea. CR Dkt. No. 26.  That same day, the District Court sentenced Perez-Aguilar to 57 months of imprisonment, 3 years of supervised

release – without supervision – and a $100 special assessment, which was remitted. CR Dkt. No. 28.  The judgment was entered on December 16, 2014. Id.

### C. Direct Appeal

Perez-Aguilar's counsel filed a timely notice of appeal on his behalf. CR Dkt. No. 30, p. 1.  In his appeal, Perez-Aguilar challenged the "judgment of conviction and sentence" imposed. CR Dkt. No. 49, p. 1.  Perez-Aguilar asserted that his "within-guidelines" sentence is substantively unreasonable because it is greater than necessary to achieve the sentencing factors of 18 U.S.C. § 3553(a) and that the Court failed to give significant weight to the fact that he has an underdeveloped arm.[1]  Id., p. 2.

On September 25, 2015, the Fifth Circuit affirmed the judgment of the District Court, holding that Perez-Aguilar's mere disagreement with the District Court's evaluation of the sentencing factors is insufficient to rebut the presumption of reasonableness. CR Dkt. No. 49, p. 2.  The Fifth Circuit stated Perez-Aguilar's personal history and characteristics did not require the District Court to impose a sentence lower than a guidelines range sentence. Id. Therefore, the District Court did not err in imposing the within guidelines range sentence, because Perez-Aguilar's "circumstances did not take his case 'outside the heartland.'" Id. The Fifth Circuit affirmed Perez-Aguilar's sentence. Id.

Neither the Fifth Circuit docket nor the Supreme Court docket reflect the filing of a petition for certiorari. A petition for writ of certiorari is timely when it is filed within 90 days after entry of judgment. Sup. Ct R 13.  When such a petition has not been filed, the judgment becomes final upon the expiration of the 90 day period for filing such a petition.  In Perez-Aguilar's case, that deadline expired on December 24, 2015.  Perez-Aguilar then had one year, from that date, to timely file a § 2255 petition. U.S. v. Franks, 397 F. App'x 95, 98 (5th Cir. 2010).

---

[1]Perez-Aguilar was born with an underdeveloped right arm. CR. Dkt. No. 17, p. 12. Perez-Aguilar asserts that his condition places him at a disadvantage in prison and when he is deported back to Mexico. CR Dkt. No. 14, p. 1.  Additionally, he asserts that his undeveloped arm rebuts any presumption of reasonableness of his sentence. Id.

### D. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On April 7, 2016, Perez-Aguilar timely filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1.  In his motion, Perez-Aguilar asserts that his sentence was unlawfully enhanced under the Armed Career Criminal Act ("ACCA") because he was subject to the residual clause that was deemed unconstitutional in Johnson v. U.S., 135 S. Ct. 2551 (2015). Dkt. No. 1, p. 5.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to the petition.

## II. Applicable Law

### A. Section 2255

Perez-Aguilar seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Where a petitioner exhausts or waives his direct appeal, the Court is entitled to presume that he stands fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, F.3d 592, 595 (5th Cir. 2001).  A petitioner who seeks to challenge a final conviction can do so on constitutional or jurisdictional grounds, or by collateral attack. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991).  Generally, a petitioner may not raise on collateral attack issues that he failed to raise on direct appeal, absent a showing that the error constituted a "fundamental defect which inherently results in a complete miscarriage of justice." U.S. v. Addonizio, 442 U.S. 178, 185 (1979); Hill v. U.S., 368 U.S. 424, 428 (1962).

### III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255.  Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39,41 (5th Cir. 1992)  The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Perez-Aguilar's claim, the Court is required to construe allegations by pro se litigants liberally to ensure that their claims are given fair and meaningful consideration, despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972).  Even applying this standard, neither the record – nor the law – support Perez-Aguilar's claim.

### A. Johnson is Inapplicable

Perez-Aguilar asserts that he is entitled to habeas relief in light of the recent Supreme Court decision Johnson v. U.S., 135 S. Ct. 2551(2015).  In Johnson, the Supreme Court reviewed the lower court's application of 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA").  The ACCA requires a 15-year mandatory minimum term of imprisonment for anyone who violates § 922(g), having three or more earlier convictions for a "serious drug offense" or a "violent felony." § 924(e)(1).  The ACCA defines a "violent felony" as any crime that "is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B) (emphasis added).  The just-listed and emphasized portion of § 924 has been referred to as the Act's residual clause. Johnson, 135 S. Ct. at 2556.

Ultimately, the Supreme Court held that imposing an increased sentence under ACCA's residual clause is a violation of due process. Johnson, 135 S. Ct. at 2557 (reasoning that the residual clause was unconstitutionally vague because it "denies fair notice to defendants and invites arbitrary enforcement by judges.").  The Supreme Court has confirmed the retroactivity of Johnson as applied to the ACCA. See Welch v. U.S., 136 S.

Ct. 1257 (2016) (holding that "<u>Johnson</u> announced a new substantive rule that has retroactive effect in cases on collateral review").

While this is the theory urged by Perez-Aguilar, none of it applies to his case. Perez-Aguilar was not sentenced under the ACCA, which applies only to convictions for unlawfully possessing a firearm under 18 U.S.C. § 922(g). 18 U.S.C. § 924(e). Instead, he was convicted for violating 8 U.S.C. §§1326(a) and 1326(b)(1). CR Dkt. No. 5. Furthermore, the court did not apply any enhancement in relation to the use or possession of a firearm. CR Dkt. No. 18. Therefore, regardless of the retroactive application, the holding in <u>Johnson</u> does not directly provide Perez-Aguilar with a vehicle to relief.

## B. <u>Gonzalez-Longoria Affords No Relief</u>

Perez-Aguilar makes the related argument that he is entitled to habeas relief because the Supreme Court's analysis of the residual clause in <u>Johnson</u> applies equally to the term "crime of violence" as defined by 18 U.S.C. § 16(b). Dkt. No. 1. Section 16 defined a "crime of violence" as

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

A Fifth Circuit panel recently addressed this issue – in the context of an 8 U.S.C. § 1326 sentencing enhancement for a prior crime of violence – in <u>U.S. v. Gonzalez-Longoria</u>, 813 F.3d 225 (5th Cir. 2016). There, the panel held the statutory definition of "crime of violence" in 18 U.S.C. § 16 is unconstitutionally vague because it "requires courts both to imagine an ordinary/archetypical case and then to judge that imagined case against [an] imprecise standard." <u>Gonzalez</u>, 813 F.3d at 235. Any relief that Perez-Aguilar may have found in that decision is short-lived; the panel opinion was withdrawn and <u>Gonzalez-</u>

6

Longoria is pending consideration en banc.[2]

"It is well settled that when the Fifth Circuit grants rehearing en banc, the panel opinion is vacated and has no precedential value." Barrow v. Greenville Indep. Sch. Dist., 2005 U.S. Dist. WL 1867292 (N.D. Tex. 2005); see also 5th Cir. R. 41.3.  When a court decision is vacated, its "ruling and guidance" are "erased." See U.S. v. Windsor, 133 S. Ct. 2675, 2688 (2013); U.S. ex. rel. Marcy v. Rowan Co., 520 F.3d 384, 389 (5th Cir. 2008). Since the Fifth Circuit has granted rehearing en banc for Gonzalez-Longoria, it is of no precedential value whatsoever.

Moreover, even if the Fifth Circuit en banc decision upholds the panel decision of Gonzalez-Longoria, it has no effect in the instant petition, because Perez-Aguilar's sentence was not enhanced for a "crime of violence" under 8 U.S.C. § 1101(a)(43)(F) or 18 U.S.C. § 16(b). See CR Dkt. No. 17, p. 5.  Accordingly, the analysis in Johnson and Gonzalez-Longoria are not applicable to Perez-Aguilar's case.

An examination of Perez-Aguilar's sentence clearly shows that there was no error. Pursuant to U.S.S.G. §§ 2L1.2(b)(1)(A)(vii), a sixteen level enhancement was added to Perez-Aguilar's sentence because he had a prior alien smuggling conviction. This conviction is defined by the statute, not by reference to a residual "crime of violence" provision.

Perez-Aguilar's criminal history shows that he was previously convicted of transporting undocumented aliens in the United States, a violation of 8 U.S.C. § 1324(a)(1)(A)(ii).  An "alien smuggling offense" is defined in the Sentencing Guidelines by reference to how the term is used in 8 U.S.C. § 1101(a)(43)(N). See Commentary on U.S.S.G. § 2L1.2.  The term "alien smuggling" as used in 8 U.S.C. § 1101(a)(43)(N) specifically references any conviction under 8 U.S.C. § 1324(a)(1)(A).  As a result, the Sentencing Guidelines and the statute both define any conviction under 8 U.S.C. § 1324(a)(1)(A) as an "alien smuggling" offense for purposes of sentencing enhancements

---

[2] 813 F.3d 225 (5th Cir. 2016), reh'g en banc ordered, 815 F.3d 189 (discussing the application of U.S.S.G. § 2L1.2(b)(1)(c), 8 U.S.C. § 1101(a)(43), and 18 U.S.C. § 16, and finding 18 U.S.C. § 16 to be unconstitutionally vague).

under U.S.S.G. § 2L1.2.

Moreover, the statutes in question – 8 U.S.C. § 1101(a)(43)(N) and 8 U.S.C. § 1324(a)(1)(A) – do not contain, or incorporate, any phrases or clauses resembling those "catch-all" or vague terms considered unconstitutional in Johnson or Gonzalez-Longoria. See 8 U.S.C. § 1101(a)(43)(N); 8 U.S.C. § 1324(a)(1)(A).

Thus, Perez-Aguilar's reliance on Johnson and its progeny is factually and legally misplaced.  Accordingly, his claim is meritless and should be denied.[3]

## IV. Recommendation

WHEREFORE it is **RECOMMENDED** that the Petitioner Giovani Alvaro Perez-Aguilar's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DENIED** as meritless.

### A.  Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1).  A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006).  A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to

---

[3] It appears that Perez-Aguilar may have intended to assert an ineffective assistance of counsel claim. Dkt. No. 1, p. 5.  That claim would apparently be based upon Perez-Aguilar's counsel's failure to raise the Johnson and Gonzalez-Longoria arguments at sentencing.  Perez-Aguilar was sentenced on December 10, 2014. CR Dkt. No. 28.  Johnson was not decided until June 2015 and the panel decision in Gonzalez-Longoria was not issued until 2016.  Thus, Perez-Aguilar was sentenced substantially before both Johnson and Gonzalez-Longoria were decided.  Counsel is not expected to be clairvoyant and cannot be held as ineffective for failing to anticipate changes in the law. U.S. v. Chapa, 181 F.3d 96, *7 n. 21 (5th Cir. 1999) (collecting cases).  Thus, even if such a claim was intended, there is no basis for an ineffective assistance of counsel claim under these facts.

determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Perez-Aguilar's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason.  Although Perez-Aguilar's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).   Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009).  Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. <u>See</u> § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140, 149 (1985); <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on June 29, 2016.

Ronald G. Morgan
United States Magistrate Judge